## OZBURN v. DUNLAP MILLING COMPANY.

GILBERT, J.  The court did not err in sustaining the general demurrer
and dismissing the petition for want of equity.  The petition shows
that if the defendant was entitled to recover he had an adequate remedy
at law.  Whether or not the petitioner was entitled to recover by
reason of the facts alleged it is not necessary to decide.  If, however,
such facts were sufficient to entitle him to a recovery, such recovery
could not be based upon the theory of a tort, but, under the allegations,
would arise out of the guaranty in the contract of storage; and such
set-off could be pleaded in the city court of Atlanta.

  *Judgment affirmed.  All the Justices concur.*

No. 3306.  MARCH 15, 1923.

Equitable petition.  Before Judge George L. Bell.  Fulton
superior court.  June 5, 1922.

The exception in this case is to a judgment sustaining a
general demurrer to a petition filed by C. P. Ozburn, seeking to
enjoin an action brought by Dunlap Milling Company pending in
the city court of Atlanta, with the view of obtaining a set-off in
equity against the Dunlap Milling Company's claim, and de-
termining the entire controversy in the superior court.  The al-
legations of the equitable petition are, in substance, that Ozburn
was a broker and Dunlap Milling Company, a non-resident cor-
poration, a wholesale dealer in flour; that the Dunlap Company
sold Ozburn a quantity of flour for which Ozburn was indebted,
and for which suit was brought by the Dunlap Company in the
city court of Atlanta, in an action sounding in contract; that
on arrival the flour was found to contain bugs and worms, and was
rejected by the customer; whereupon an agreement was entered
into between the parties that Ozburn was to store the flour in his
warehouse pending a disposition of the same.  As an induce-
ment on which Ozburn acted the Dunlap Company, through its
representative, guaranteed that the bugs and worms would dis-
appear as soon as cold weather set in, and that Ozburn would
suffer no loss from infection of other flour that he had in his
warehouse at the time, by reason of the storing of the wormy flour
therein.  Ozburn carried out the agreement and stored the flour,
but the bugs failed to disappear; and on the contrary spread to the
flour already in the warehouse, causing damage in the amount
sued for.  The city court of Atlanta having no equitable juris-
diction, Ozburn alleged that he could not plead set-off sounding
in tort against the suit in the city court, which sounded in con-

tract. The Dunlap Milling Company interposed a general demurrer based upon the grounds that (a) the alleged damages are, as to this defendant, remote and not recoverable against it in a court of law or equity; (b) it affirmatively appears that this defendant has been guilty of no actionable wrong against the plaintiff, regardless of the alleged damage sustained. The court sustained the demurrer, and ordered that the petition "be dismissed for want of equity."

*W. J. Davis, Jr., C. H. Calhoun,* and *W. B. Cody,* for plaintiff.
*Smith, Hammond & Smith,* for defendant.